IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| | ) | |
| | ) | |
| PENNSYLVANIA HIGHER | ) | |
| EDUCATION ASSISTANCE | ) | |
| AGENCY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:10-cv-1083-JDB-egb |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| MARCUS E. MEEKINS, | ) | |
| | ) | |
| Defendant. | | |

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT**

Plaintiff has moved for a default judgment against Defendant Marcus E. Meekins

pursuant to Rule 55 of the Federal Rules of Civil Procedure.  A Complaint against

Defendant was filed on April 7, 2010.  Defendant was served with process on June 17,

2010.  Default was entered by the Clerk against Defendant on August 5, 2010.  Defendant

has not filed an Answer or otherwise responded to the Complaint.  Plaintiff seeks

judgment in the amount of Twenty-Six Thousand Three Hundred Forty-Seven Dollars

and Thirty-Five Cents ($26,347.35), plus pre-judgment interest in the amount of $203.30,

post-judgment interest, and attorney's fees and costs.

If a defendant fails to plead or defend as required by the Rules, the clerk or judge

may enter default upon a plaintiff's request. Rule 55(a); Shepard Claims Service, Inc. v.

William Darrah & Associates, 796 F.2d 190, 194 (6th Cir. 1986) (When a defendant fails

to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge). Then, if no hearing is needed to ascertain damages, judgment by default may be entered. Rule 55(b). <u>United Coin Meter Co., Inc. v. Seaboard Coastline RR.</u>, 705 F.2d 839, 844 (6th Cir. 1983) (citing <u>Meehan v. Snow</u>, 652 F.2d 274 (2nd Cir. 1981).

When a court determines that a defendant is in default, the factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true. <u>Geddes v. United Financial Group</u>, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d); Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688. Therefore, after receiving a default, plaintiff must still establish the extent of damages to which he is entitled. <u>Kelley v. Carr</u>, 567 F. Supp. 831, 841 (W.D. Mich.1983). However, if the damages sought by the plaintiff are a sum certain or a sum that can be made certain by computation, judgment will generally be entered for that amount without an evidentiary hearing. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688.

Here, the Magistrate Judge recommends that the Plaintiff's Motion for Default Judgment be GRANTED. As to the issue of damages, Plaintiff in this case seeks the Twenty-Six Thousand Three Hundred Forty-Seven Dollars and Thirty-Five Cents ($26,347.35) owed the Plaintiff. The damages sought here are of a sum certain, as they are an amount contractually agreed to by the parties, and thus, the Magistrate recommends that the Plaintiff be awarded Twenty-Six Thousand Three Hundred Forty-Seven Dollars and Thirty-Five Cents ($26,347.35).

Additionally, the Magistrate Judge recommends that Plaintiffs' attorney's fees of One Thousand Eight Hundred Sixty Dollars and Fifty Cents ($1,860.50) be awarded

along with court costs of $350, pre-judgment interest of $203.30, and post-judgment

interest.  Plaintiffs have provided their attorney's Affidavit attesting to the expenses

incurred.  The Magistrate Judge finds the fees and costs sought to be fair and reasonable.

Furthermore, it is ORDERED that the Clerk shall serve this Report and

Recommendation upon the Defendant, Marcus Meekins, at the address listed on his

Summons [D.E. 4].

Respectfully submitted,

s/Edward G. Bryant
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date:   September 29, 2010

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**